{¶ 45} I respectfully dissent from the Court's decision. *Page 21 
 {¶ 46} As a preliminary matter, I would be inclined to dismiss this appeal for lack of a final appealable order. Crim.R. 32(C) requires that the trial court's judgment contain the plea, verdict or findings, and sentence. The trial court's judgment entry fails to set forth the Defendant's plea and, therefore, I believe fails to comply with Crim.R. 32(C). This Court has, however, addressed this issue and concluded that the plea of not guilty was implicit in the trial court's judgment entry where it reflected that the defendant received a trial. State v.Morrison (Apr. 1, 1992), 9th Dist. No. 2047. While I believe the trial court's judgment entry should set forth the plea in compliance with Crim.R. 32(C), I am bound by stare decisis to follow our prior case law.
 {¶ 47} I disagree with the majority's conclusion that the evidence was insufficient to support Defendant's conviction for complicity to murder pursuant to R.C. 2923.03(A)(1). I would overrule Defendant's third assignment of error because the state presented sufficient evidence to establish that Defendant procured Zack's murder. As the majority explained, "procure" means "to get, obtain, induce, bring about, motivate." 4 Ohio Jury Instructions (2004) Section 523.03(7). The state presented evidence to prove that Defendant did several things that brought about Zack's murder or motivated Zaffino to commit it.
 {¶ 48} I must emphasize that our review of a challenge to the sufficiency of the evidence requires us to construe the evidence, and all reasonable inferences, in favor of the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two *Page 22 
of the syllabus. Moreover, rather than looking at the evidence piece by piece, we must examine the totality of the circumstances. See State v.McKnight, 107 Ohio St.3d 101, 124, 2005-Ohio-6046, at ¶ 165.
 {¶ 49} The state established that Defendant had financially backed the murder plan in several ways. George withdrew funds from her bank account. George paid $5,300 for the motorcycle that Zaffino purchased. Zaffino drove the motorcycle to and from the murder. After the murder, George gave Zaffino $100. Zaffino used that money to stay in a hotel in Pennsylvania. The purpose of his trip was to dispose of the motorcycle that George purchased.
 {¶ 50} Although the majority concludes that the state failed to establish that Defendant paid for the murder weapon, I disagree. The state presented evidence that Zaffino had no source of money — other than George — as he had no means of income and no money in the bank. Zaffino had so little money that his neighbor frequently invited him for meals so that he would not go hungry. With this meager background, Zaffino was able to come up with $350 to buy the murder weapon. The state proved that George gave Zaffino money for other purposes. This creates a reasonable inference that Defendant also gave Zaffino the money for the murder weapon.
 {¶ 51} The state also established through circumstantial evidence that one month prior to the murder, Zaffino and Defendant plotted and attempted to kill Zack. There was compelling evidence that Zaffino had gone to the Cuyahoga *Page 23 
Valley National Park one evening with a gun, but, for some reason, the plan was called off, perhaps because Zaffino was approached by a park ranger. The park ranger positively identified Zaffino by running his license plate and social security number. A gun was later found in the area and further evidence strongly linked that gun to Zaffino. There were several phone calls back and forth between Zaffino and Defendant and Defendant and Zack. At one point, Defendant was on different phone lines talking to both of them at the same time. A reasonable fact finder could infer that George talked with Zack and Zaffino at the same time while Zaffino waited in the park with a gun for George to lure Zack to Zaffino. The plan was called off, perhaps because the park ranger approached Zaffino in the park.
 {¶ 52} Viewing the totality of all of the evidence that tended to incriminate Defendant, and construing all inferences in favor of the state, a reasonable fact finder could then weigh the evidence to find beyond a reasonable doubt that Defendant procured Zaffino to murder Zack. Because Defendant does not raise an assignment of error that her conviction was against the manifest weight of the evidence, there is no need to delve any further into the evidence supporting her conviction. The issue of weighing the evidence to draw the conclusion of beyond a reasonable doubt is not before us.
 {¶ 53} As there is also no merit to Defendant's remaining assignments of error, I would affirm the judgment of the trial court. *Page 24 
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1